**12 CIV 7267**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x   DKT#:

JOHN MOSS,

                     Plaintiff,               **COMPLAINT**

    - against -                        **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, POLICE OFFICER    **VIA ECF**
NEIL LAWSON (Shield # 6164), POLICE
OFFICER "LONNIE BROWN" (Shield # 8637)
And POLICE OFFICER "JOHN DOE" # 1-10,
individually and in their official capacities (the
name John Doe being fictitious as the true names
are presently unknown),

                     Defendants.

------------------------------------------------------------x

Plaintiff, JOHN MOSS by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JOHN MOSS, is a citizen of the United States and at all relevant times a resident of the City of Cohoes and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER NEIL LAWSON, POLICE OFFICER LONNIE BROWN, and POLICE OFFICER "JOHN DOE" # 1-10 were duly sworn police officers of THE CITY OF NEW YORK and the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On June 22, 2010, at approximately 11:30 p.m., Plaintiff JOHN MOSS was at or near 67 Saint Nicholas Avenue, in New York County.

14. While at the aforementioned location POLICE OFFICER NEIL LAWSON, POLICE OFFICER LONNIE BROWN, and POLICE OFFICER "JOHN DOE" # 1-10, approached the Plaintiff and restrained his liberty without probable cause, privilege, or consent.

15. The defendant police officers placed the plaintiff under arrest, handcuffed him, and took him into custody.

16. The defendant police officers alleged that the plaintiff was in possession of cocaine and sold narcotics on June 22, 2010.

17. The plaintiff was not in possession of any cocaine or any other narcotics on June 22, 2010. Any statement by any of the arresting police officers that the plaintiff was in possession of cocaine or any other narcotics was a fabrication. Any cocaine, marijuana, or any other narcotics "vouchered" by the police as having been allegedly seized from the plaintiff were not seized from the plaintiff since the plaintiff was not in possession of any cocaine, marijuana, or any other narcotics on June 22, 2010.

18. The plaintiff did not sell any cocaine or any other narcotics on June 22, 2010.

19. The plaintiff was arrested by the defendant police officers without probable cause.

20. The plaintiff was subjected to criminal prosecution by the defendant police officers and the District Attorney's Office.

21. The plaintiff was criminally charged with various crimes related to the alleged possession and sale of a narcotic substance.

22. The plaintiff was criminally prosecuted in New York County under Docket Number 2010NY047111. Immediately following his arrest, bail was set by the Court and the plaintiff spent approximately fifteen (15) days in jail before bail was posted and he was released.

23. The plaintiff was indicted under indictment number 3054/2010 on July 2, 2010. Indictment number 3054/2010 was dismissed by Judge Stone on February 10, 2010. The plaintiff was then indicted under indictment number 1446/11 on March 11, 2011.

24. On March 14, 2012, Judge McLoughlin suppressed the narcotics allegedly seized from JOHN MOSS on the basis that there was no probable cause to stop or arrest the plaintiff.

25. On or about June 6, 2012, the prosecution filed a "Recommendation of Dismissal" with the Court. The prosecution sought dismissal of the criminal case against JOHN MOSS because the prosecution could not prove the criminal case due to the fact that the narcotics allegedly seized from JOHN MOSS were suppressed and could not be used as evidence in the criminal prosecution.

26. The criminal case against JOHN MOSS was dismissed on the merits.

27. As a result of the foregoing, the Plaintiff sustained, <u>inter alia</u>, loss of earnings, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through 27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

30. All of the aforementioned acts deprived plaintiff JOHN MOSS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the CITY OF NEW YORK and New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of defendants' aforementioned conduct, plaintiff JOHN MOSS was subjected to an illegal, improper and unlawful seizure of his person without any probable cause, privilege, or consent.

36. That the seizure of the plaintiff was objectively unreasonable and in violation of his plaintiff's constitutional rights.

37. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiff, JOHN MOSS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

40. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of the Plaintiff's constitutional rights.

41. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. All of the Defendants were directly and actively involved in the initiation of criminal proceedings against JOHN MOSS.

44. All of the Defendants lacked probable cause to initiate criminal proceedings against JOHN MOSS.

45. All of the Defendants acted with malice in initiating criminal proceedings against JOHN MOSS.

46. All of the Defendants were directly and actively involved in the continuation of criminal proceedings against JOHN MOSS.

47. All of the Defendants lacked probable cause to continue criminal proceedings against JOHN MOSS.

48. All of the Defendants acted with malice in continuing criminal proceedings against JOHN MOSS.

49. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in JOHN MOSS' favor when all criminal charges against him were dismissed.

50. As a result of the foregoing, the Plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

51. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. All of the Defendants issued legal process to detain the plaintiff and subject him to a false arrest and malicious prosecution.

53. All of the Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

54. Defendants acted with intent to do harm to JOHN MOSS without excuse or justification.

55. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. All of the aforementioned Defendants conspired to violate both of the Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

### SEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants including THE CITY OF NEW YORK, POLICE OFFICER NEIL LAWSON, POLICE OFFICER LONNIE BROWN, and POLICE OFFICER "JOHN DOE" # 1-10, subjected the Plaintiff, JOHN MOSS to a false arrest and malicious prosecution.

60. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

62. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

    (a) Failing to properly train, in general;

    (b) Failing to supervise police officers;

    (c) Subjecting persons to violations of their constitutionally protected rights;

    (d) Subjecting persons to malicious prosecution.

63. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following:

    (a) Ten (10) prior Federal Civil Rights lawsuits filed against POLICE OFFICER NEIL LAWSON under the following Civil Case Numbers:

        a. 1:2008-cv-06531
        b. 1:2008-cv-06555
        c. 1:2009-cv-00193
        d. 1:2010-cv-03968
        e. 1:2010-cv-08289

      f.  1:2011-cv-00961
      g.  1:2011-cv-02249
      h.  1:2011-cv-03248
      i.  1:2011-cv-04091
      j.  1:2011-cv-04307

(b) Nine (9) prior Federal Civil Rights lawsuits filed against POLICE OFFICER LONNIE BROWN under the following Civil Case Numbers:

      a.  1:2000-cv-03693
      b.  1:2010-cv-03968
      c.  1:2010-cv-06021
      d.  1:2011-cv-00249
      e.  1:2011-cv-03248
      f.  1:2011-cv-03707
      g.  1:2011-cv-03914
      h.  1:2011-cv-04307
      i.  1:2011-cv-07688

64. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

65. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

66. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

## DAMAGES AND RELIEF REQUESTED

67. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. All of the foregoing acts by defendants deprived JOHN MOSS of federally

protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law;

69. By reason of the aforesaid conduct by defendants, plaintiff JOHN MOSS Is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff JOHN MOSS demands that the Court enter a judgment in the sum of one million dollars ($1,000,000.00) in special and compensatory damages, and one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       September 25, 2012

By: _____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiffs*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832